# Wheeling.

## SAMUEL TRIMBLE vs. SHAFFER AND HAMILTON.

### August Term, 1869.

1. A motion to quash is deemed to have been waived when no exception is taken to the omission to act upon such motion.

> QUÆRE: Whether when the record shows that a demurrer is overruled by consent, the party demurring is precluded from taking any advantage of defects in the declaration ?

2. Evidence in support of pleas upon which issue was joined is admissible, if the pleas are in fact good, but if the pleas are bad the evidence is immaterial.

3. S. and M. were arrested on a writ of *capias ad satisfaciendum*, and in order to obtain their release executed their bond with T., who was a non resident of the county, as their security, after judgment interrogatories were filed before a commissioner of the court and summons issued to S. and M. to answer them on or before a certain day. At the time the summons issued they were not inhabitants of the State, and failed to answer until after the time specified in the summons. HELD:

> 1. That their failure to answer the interrogatories within the time specified in the summons is a breach of the undertaking of the parties to the bond.
>
> 2. That the liability of each of the parties to the bond is fixed by the failure of S. and M. to comply with its conditions.
>
> 3. That the absence of the parties from the county at the time the summons issued, will not avail them as an excuse for their failure to comply with the conditions of the bond.

J. Calvin Shaffer and William E. Hamilton, partners under the firm name of Shaffer & Hamilton, instituted an action of assumpsit in the circuit court of Ohio county, against Joseph Stringer and Americus V. McKim, partners doing business under the firm name of Stringer & McKim, and procured a writ of *capias ad satisfaciendum* to be issued, upon which they, Stringer and McKim, were arrested, and in order to obtain their release they executed a bond in the

penalty of 2,500 dollars, conditioned according to law, with Samuel Trimble, as their security. This action resulted in a judgment against Stringer & McKim for 1,823 dollars and 17 cents, with interest and costs, upon which a *fieri facias* issued on the 4th day of June, 1867, and on the 6th day of the same month the plaintiffs filed with a commissioner of the court interrogatories to the defendants, and issued summons to them to answer the said interrogatories before the said commissioner, on or before the 10th day of the same month, at his office in the city of Wheeling.

Stringer and McKim were, at the time the summons issued, and had been for some time previous thereto, inhabitants of the State of Ohio, and, as appears, were not in Ohio county until about the 29th of the said month of June, when they appeared and made answer to the interrogatories.

The return made on the summons which was placed in the hands of the deputy sheriff of Ohio county, was that "Stringer & McKim were not inhabitants of his county or found therein." Trimble, who lived in Brooke county, was served with a copy thereof in that county.

After the default of the defendants to file answers to the interrogatories, the plaintiffs instituted this suit on the bail bond and obtained the judgment complained of, for the penalty of said bond, to be discharged by the payment of the judgment recovered against Stringer & McKim. On the trial the defendant moved to quash the summons served on him in Brooke county, and filed his five special pleas which were in substance as follows:

1st. That the defendant did, from time to time, and at all times, observe, perform, fulfill and keep all the conditions of the bond.

2d. That the defendant and Stringer & McKim, from time to time, after the making of the said bond, had observed, kept and performed the conditions thereof.

"3d. That on the 6th day of June, 1867, Stringer & McKim were ready and willing to disclose their estate, to answer the interrogatories and make the conveyances required,

but had no notice or opportunity to appear before the commissioner on the 10th day of June, but afterward, having received said notice, they gave the plaintiffs notice in writing that they would appear, &c., on the 29th of said month of June to answer, which they did, as is reported by the said commissioner to the court, and thus performed the condition of the bond.

"4th. That on the 24th of June, which was within four months after the recovery of the judgment, Stringer & McKim were in Ohio county ready and willing to answer the interrogatories and make discoveries of their property, and that they gave notice to the plaintiffs that they would do so, before the commissioner, on the 29th of June, and they did, but the plaintiffs refused to attend.

"5th. That he was always ready to perform the condition of said bond by producing the said Stringer & McKim before a commissioner for the purpose above named, upon notice thereof, and that as soon as he had notice of the filing of the interrogatories, and before the expiration of the four months after the recovery of the judgment, to-wit: on the 29th of June, having given due notice, produced them before the commissioner, and that each of them did then and there answer, &c., as reported by said commissioner to the court." He demurred to the plaintiff's declaration, which demurrer was overruled by the court. Issue was joined on these pleas, and the defendant offered as evidence in his behalf the proceedings of the examination of the defendants, on the 29th of June, 1867, which were excluded, and on motion they were rejected, and the parol evidence relating thereto was stricken out and the jury instructed, in substance, that the laches of Stringer & McKim were breaches of the conditions of the bond, and that their proceedings on the 29th of June, 1867, were not such a compliance therewith as would relieve either them or Trimble from their liability. To this instruction the defendant objected, and being overruled by the court, excepted. The verdict of the jury was for the plaintiffs for the amount of the former judgment, with interest, &c.

Trimble brought the case here on a writ of error and supersedeas.

*Peck* and *Trainer* for the plaintiff in error.
*Wheat* and *Forbes* for the defendants in error.

BERKSHIRE, J.   The defendants in error, as partners, under the firm of Shaffer & Hamilton, instituted an action of assumpsit in the circuit court of Ohio county against Joseph Stringer and Americus V. McKim, as partners doing business under the name and style of Stringer & McKim, and on affidavit, founded on the 33d section of chapter 157 of the Code of Virginia, 652, a *capias ad satisfaciendum* was sued out, upon which Stringer & McKim were arrested, and in order to obtain their release they executed a bond in the penalty of 2,500 dollars, pursuant to the 34th section of the said chapter, with the plaintiff in error as their security.

This action resulted in a judgment against Stringer & McKim, for 1,823 dollars and 17 cents, with interest and costs, upon which a writ of *fieri facias* issued on the 4th day of June, 1867; and on the 6th day of the same month the plaintiffs in said action, filed with a commissioner of said court, interrogatories to the defendants, Stringer & McKim, to answer, pursuant to section 5 of chapter 188 of the Code of 1860, 777, and thereupon the said commissioner issued a summons to them to make answer to the interrogatories before the said commissioner at his office in the city of Wheeling, on or before the 10th day of the same month.

This summons, it appears, was placed in the hands of the deputy sheriff of Ohio county on the same or next day after it issued, who made return that Stringer & McKim were not inhabitants of said county or found therein.   And it further appears that they were at the time of the issuing of the summons, and had been for some time previous, inhabitants of the State of Ohio, and that Trimble, the security in said bond, lived in Brooke county, West Virginia, and it does not appear that either Stringer or McKim were in Ohio county at the time the summons issued, or between

that time and the 10th of June, nor until the 29th of the same month, when 'they appeared before the said commissioner and filed answers to the said interrogatories.

The defendants in error, Shaffer and Hamilton, after the default of Stringer & McKim to file answers to the interrogatories, as required in the summons issued by said commissioner, instituted this suit on the bail bond so executed by Stringer & McKim and the plaintiff in error, and recovered the judgment here complained of against said Trimble for the penalty of said bond, to be discharged by the payment of the amount of the judgment recovered by the defendants in error against Stringer & McKim, in the suit in which the bond was executed. On the trial, and before he had pleaded to the action, the plaintiff in error appeared and moved the court to quash the summons, which had been served on him, on the ground that it was illegally sent to and served on him in Brooke county.

This motion, however, does not appear to have been acted on by the court, and after making it, the plaintiff in error filed five several pleas in bar to the action upon which issue was joined by the defendants in error.

The first error assigned and insisted on here, is that the court erred in not acting on and sustaining the motion to quash the summons.

It does not appear that any exceptions to this omission was taken by the plaintiff in error in the court below, and he must be deemed here to have waived it by pleading to the action.

It is claimed secondly, that the court erred in overruling the demurrer to the declaration, and that the fact that it was overruled by consent, as appears from the record, does not preclude the plaintiff in error from availing himself of the benefit of the demurrer in this court. It might be necessary to consider the circumstances of this position if the declaration was, in fact, defective and insufficient. But no valid objection to the declaration is perceived, and the demurrer to it was properly overruled.

The third error, which it is claimed the court below com-

mitted, was in excluding the testimony offered by the plaintiff in error in support of the pleas upon which issue was joined, which testimony is set forth in his first bill of exceptions. The evidence offered and excluded certainly tended to sustain the 2d, 4th and 5th pleas, and was admissible if the pleas are in fact good, and a sufficient answer to the action. But if bad, the issue upon them must, of course, be immaterial, and could not have availed the plaintiff in error even after a verdict on them in his favor, and it could be no error to exclude evidence offered or given to them. 2 W. Va. Rep.

The question then recurs, were these pleas good, and if sustained, do they present a bar to the action?

The bail bond sued on, it will be perceived, is, in every respect, in precise conformity to the section under which it was taken, and consequently the only question that could arise is, whether the parties who executed it had, at the time of the institution of this suit, complied with their undertaking in the condition of the bond. The breach of the condition of the bond assigned in the declaration is, that the defendants in the first action, Stringer & McKim, nor either of them, were in the county of Ohio at the time the summons was issued by the commissoner, and that they, and each of them, failed to file answers to the interrogatories before said commissioner within the time required by said summons. Now as the breach assigned is in exact accordance with the undertaking of the parties to the bond, it is clear that the liability of each of them was fixed by their failure to comply with it, which failure is clearly established by the testimony in the case.

It was earnestly insisted in the argument here that the time prescribed in the summons within which Stringer & McKim were required to file their answers to the interrogatories before the commissioner, was not sufficient to give them reasonable notice of the filing of said interrogatories, and they were not, in fact, bound to return answers to them until the summons was duly served on them, according to the 5th section of chapter 188 of the Code of 1860; and

also that it was competent for them to file their answers to said interrogatories (as they did) after the time fixed in the said summons, upon giving due notice to the defendants in error of their intention to do so.

To this it may, I think, be well replied, that the failure to serve the summons on them and their consequent. want of notice of the filing the interrogatories, resulted entirely from their own default in not being in said county, as they had undertaken to do when the summons was issued, and they cannot, therefore, be heard here to complain of alleged hardships which were occasioned altogether by their own laches.

It was further insisted that if this construction should be given to the law, it would operate most harshly and oppressively on non residents, who might be sued here and held to bail under it, as they would be compelled to remain constantly in the State from the time they might be arrested until four months after the date of the judgment, (if any should be obtained against them,) unless the plaintiff should sooner file interrogatories before the proper commissioner. There would certainly be much force in the argument if it were not founded in an erroneous assumption of facts. But it was to provide a remedy against this obvious hardship, growing out of the defect in the act of the 13th of March, 1851,. (constituting the 33d section of the 151st chapter of the Code of 1860, authorizing the issuing of the capias in this case,) the act of the 16th of April, 1852, (embodied in and being sections 35, 36, 37, 38 and 39 of said chapter), was passed, and among other things it is provided, in substance, that while a defendant is in custody under arrest, whether made before or after the act, the plaintiff, without having a judgment against the defendant, may file interrogatories to him in like manner as might be done under the 5th section of chapter 188 of the Code, if such judgment had been obtained and a *fieri facias* thereon delivered to an officer. And the court wherein the case is pending, or the judge of the circuit court, &c., after reasonable notice to the plaintiff or his attorney, may discharge the defendant from custody,

unless interrogatories be filed within such time as said judge, court, &c., may deem reasonable; and under these acts it is held that the relation of principal and bail exists between the defendant and his security in the bond, and that the defendant; in contemplation of law, is in the legal and friendly custody of his bail from the time such bond is executed, and entitled to the benefit of the provisions of the act of 1852, and may be discharged from such custody if the plaintiff should fail to file interrogatories within a reasonable time after he is notified by the defendant to do so. *Levy* vs. *Arnsthrall*,, 11 Grat., 641.

From the foregoing view it follows that the instructions given to the jury at the instance of the defendants in error, which is the remaining error complained of, correctly propounded the law, and consequently there was no error in giving it.

Upon the whole case, therefore, I think the judgment should be affirmed.

The other judges concurred.

JUDGMENT AFFIRMED;